IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JAMES RUSSELL SIMMONS**, | Case No. 3:18-cv-394-JO |
| Plaintiff, | **ORDER** |
| v. | |
| **KILOLO KIJAKAZI,** Acting Commissioner of Social Security, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

On September 11, 2019, U.S. District Judge Judge Robert E. Jones reversed the denial of Plaintiff's application for supplemental security income benefits and remanded for further proceedings. On December 16, 2019, Judge Jones granted Plaintiff's unopposed motion for fees under the Equal Access to Justice Act ("EAJA") in the amount of $2,870.14.

Plaintiff's counsel now moves for attorney's fees of $19,461.45 pursuant to 42 U.S.C. § 406(b). ECF 25. This figure represents 25 percent of Plaintiff's retroactive benefits. Plaintiff's counsel will refund to Plaintiff the $2,870.14 in EAJA fees previously awarded upon receipt of the § 406(b) fees. Although Defendant does not object to the proposed award and will instead "defer to the Court's assessment of the matter," this Court must perform an independent review to ensure that the award is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). For the following reasons, Plaintiff's counsel's motion for fees is granted in part.

PAGE 1 – OPINION AND ORDER

**STANDARDS**

Under 42 U.S.C. § 406(b), a court entering judgment in favor of a social security claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009). Counsel requesting the fee bears the burden to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807. The attorney's fee award is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment. *Gisbrecht*, 535 U.S. at 802.

A court reviewing a request for attorney's fees under § 406(b) "must respect 'the primacy of lawful attorney-client fee agreements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (*quoting Gisbrecht*, 535 U.S. at 793, 808). Routine approval of fees pursuant to a contingency fee agreement calling for the statutory maximum is, however, disfavored. *See Fintics v. Colvin*, 2013 WL 5524691, at *2 (D. Or. Oct. 2, 2013). Contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected. *Gisbrecht*, 535 U.S. at 807. There is no definitive list of factors for determining the reasonableness of the requested attorney's fees, but courts may consider the character of the representation, the results achieved, whether there was delay attributable to the attorney seeking the fee, and whether the fee is in proportion to the time spent on the case (to avoid a windfall to attorneys). *See id.* at 808; *Crawford*, 586 F.3d at 1151-52. Although the Supreme Court has instructed against using the lodestar method to calculate fees, a court may "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Crawford*, 586 F.3d at 1148 (emphasis in original); *see also Gisbrecht*, 535 U.S. at 808 (noting that courts may

consider counsel's record of hours spent representing claimant and counsel's normal hourly billing rate for non-contingency work as an aid in considering reasonableness of requested fees).

## DISCUSSION

As prescribed by *Gisbrecht* and *Crawford*, the Court begins its analysis by reviewing the contingency fee agreement executed by Plaintiff and his counsel. ECF 25-1. Plaintiff agreed to pay attorney's fees not to exceed 25 percent of the back benefits awarded. Here, Plaintiff was awarded approximately $77,845 in back benefits, so the requested fee award of approximately 25 percent is within the statutory maximum. The Court next considers the appropriate factors to determine whether a downward adjustment is necessary in this case.

Plaintiff's counsel is from a reputable and experienced law firm and there were neither issues with the character of the representation nor any delay caused by counsel; the Court thus finds no basis for a downward adjustment on these factors. Plaintiff's counsel also obtained a favorable result; a remand for further proceedings.

The Court notes, however, that a downward adjustment may be appropriate because the issues in this case were not particularly complex or unusual, which may support a downward adjustment. *See Crawford*, 586 F.3d at 1153 (instructing the district court to "look at the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case" in assessing the reasonableness of the requested fees); *Stokes v. Comm'r of Social Sec. Admin.*, 432 F. App'x 672, 674 (9th Cir. 2011) (unpublished) (finding no error in the district court's reduction of a fee award where the proceedings were largely uncontested and the case was "relatively simple"). Plaintiff's counsel makes no arguments about the specific risks or complexities of this case. *See Rundell-Princehouse v. Astrue*, 2012 WL 7188852, at *5 (D. Or. Aug. 21, 2012) (reducing the nearly 22% requested fee award because counsel had "not met his burden of addressing the *specific* risks presented in this

PAGE 3 – OPINION AND ORDER

particular case in light of the Supreme Court's decision in *Gisbrecht* and the Ninth Circuit's opinion in *Crawford*" and that counsel had "simply neglected to explain with any specificity why the requested fee was reasonable given the facts in this case" (emphasis in original)).

The Court also finds a basis for a downward adjustment in considering whether the fees requested are in proportion to the time spent. The Court considers the hours spent and a lodestar calculation to aid in this determination. *See Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1148. In performing this type of review, courts typically consider counsel's non-contingent hourly rate, factoring in a multiplier to take into account the risk factor of a contingency case. *See, e.g.*, *Ellick v. Barnhart*, 445 F. Supp. 2d 1166, 1172-73 (C.D. Cal. 2006) (2.5 multiplier); *Ogle v. Barnhart*, 92 Soc. Sec. Rep. Serv. 938, 2003 WL 22956419 *5-6 (D. Maine 2003) (same).

In this case, counsel spent 13.9 hours,[1] which results in a requested hourly rate of $1,400. Counsel offers no lodestar information for the reasonableness check, but the Court takes judicial notice of the most recent Oregon State Bar Economic Survey. The average hourly rate for attorneys in Oregon in "other" areas of private practice is $340 and in downtown Portland is $400. Even at Portland rates and with a 2.5 multiplier, $1000 would be a generous hourly rate, at 13.9 hours, for total fees of $13,900 for the lodestar crosscheck on reasonableness.

While the Ninth Circuit has discouraged a "court-wide policy" on fees in Social Security cases, "district judges can certainly consider the fees awarded by other judges in the same

---

[1] Counsel billed 14.2 hours, but .3 hours were for administrative tasks, including docketing items and sending a clerical email to the Court, which are not billable tasks. *See Neil v. Comm'r of Soc. Sec.*, 495 F. App'x 845, 847 (9th Cir. 2012) ("We find that the district court did not abuse its discretion in declining to award Neil attorney's fees for purely clerical tasks such as filing documents and preparing and serving summons."); *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (holding that clerical tasks such as filing and document organization were not billable).

PAGE 4 – OPINION AND ORDER

locality in similar cases." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (cleaned up). Fee awards of around a *de facto* hourly rate of $1,000, although on the high side, have been approved in this district. *See, e.g.*, *Quinnin v. Colvin*, 2013 WL 5786988, at *4 (D. Or. Oct. 28, 2013) (approving as reasonable "a *de facto* hourly rate for attorney time of $1,240"); *Ali v. Comm'r*, 2013 WL 3819867, at *3 (D. Or. July 21, 2013) (approving a *de facto* hourly rate of $1,000). These cases, however, represent a lesser percentage of the claimant's back fee award. *Quinnin*, 2013 WL 5786988, at *1, 4 (reducing the requested $14,500 in fees, a 22% award and effective $1,790 per hour rate, to $10,500, a 15% award and effective $1,240 per hour rate); *Ali*, 2013 WL 3819687, at * 3 (approving a $7,000 and 14% fee award).

Given the lack of complexity of this case, the low number of total hours billed, and in consideration of the results of the lodestar calculation and survey of other cases in this district done in aid of assessing reasonableness, the Court finds that counsel for Plaintiff has not met its burden of showing that the requested fee award is reasonable. *See, e.g.*, *Griffin v. Comm'r of Soc. Sec.*, 2021 WL 5745990, at *1-3 (D. Or. Dec. 2, 2021) (reducing requested 25% award of $20,343 for 14.8 hours of work, equaling effective hourly rate of $1,375.54 to an 18% award of $14,647.14, equaling an effective hourly rate of $989.67); *Fintics*, 2013 WL 5524691, at *4-5 (finding requested fee of $15,814 on $63,256 recovery where 17.2 hours of attorney time were expended to be an unreasonable windfall; reducing the fee to $10,753.52, 17% of recovery); *Atwood v. Comm'r*, 2011 WL 6372790, at *3 (D. Or. Dec. 19, 2011) (finding requested fee of $35,651.22 on $162,051.00 recovery where 24.75 hours of attorney time and 13.7 hours of paralegal time were spent to be an unreasonable windfall; reducing the award to $27,548.67, 17% of recovery). Considering all of the relevant factors and policy considerations, the Court

PAGE 5 – OPINION AND ORDER

concludes that a reasonable fee award in this case is $13,900, approximately 17.86 percent of the back benefits amount. This is an effective hourly rate of $1000.

## CONCLUSION

The Court GRANTS IN PART Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b), ECF 25. Plaintiff's counsel is awarded $13,900 in § 406(b) fees, representing approximately 18 percent of Plaintiff's retroactive benefits recovery. Plaintiff's counsel shall then refund to Plaintiff the $2,870.14 already received by counsel under the Equal Access to Justice Act. Any funds withheld by the Commissioner in anticipation of an order under Section 406(b), less an administrative assessment pursuant to 42 US.C. 406(d), may be paid to NW Disability benefits, LLC dba Kerr Robichaux & Carroll (TID 85-3999428),[2] PO Box 14490, Portland, OR 97293, consistent with this Order.

**IT IS SO ORDERED**.

DATED this 31st day of May, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[2] Formerly known as Schneider Kerr Law Offices.